[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Branford, Connecticut, on February 14, 1993. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Corey Macholl, born January 20, 1994.
The evidence presented at trial has clearly established the fact that the marriage has irretrievably broken down. Judgement may enter dissolving the marriage on that ground. The court believes that the plaintiff bears the greater share of fault for the breakdown of the marriage as the defendant testified that she discovered correspondence of the husband responding to a personal ad for a playmate. The court has read the letter in question as it is an exhibit in the case.
The parties have reached agreement as to the division of personal property and have divided said property in accord with said agreement. In addition, the parties agree that all outstanding debts shall be the responsibility of the party in whose name the debt was incurred, and the court so orders. The CT Page 10051 court orders further that all outstanding payments due or to be due on a 1990 Cavalier automobile are to be paid by the husband.
With respect to custody of the minor child, Corey, the parties have stipulated and the court orders that the parties shall have joint custody with the physical custody and residence of Corey with the defendant mother.
The plaintiff father shall have reasonable and flexible rights of visitation with the minor child pursuant to the agreement of the parties. Plaintiff may exercise such visitation upon giving 48 hours notice of his intention to the defendant.
Commencing Monday, November 25, and weekly thereafter, the plaintiff shall pay child support to the defendant in the amount of $150 per week for the support of the minor child Corey, which support amount is in accord with the Child Support Guideline and is to continue until Corey shall complete the twelfth grade or attain the age of 19, dies, becomes emancipated, or upon the plaintiff's death, whichever event shall first
Plaintiff's husband shall pay to wife the sum of $65 per week as alimony payable on Friday of each week, commencing on November 25, 1996. Said alimony payments are to continue for a period of 3 1/2 years (42 months) and shall include the payment due on May 7, 2000. In addition, plaintiff is presently $500 in arrears on apendente lite order and the court orders that plaintiff pay ten ($10) dollars per week on said arrearage, making the total payment $75 per week for the first fifty payments.
Commencing with the payment due May 15, 2000, the alimony payable by the plaintiff husband will be modified and reduced to one dollar per year.
All alimony payments as above shall cease upon the death or remarriage of the wife, or the death of the husband, whichever is first to occur.
The payments of alimony and child support are to be payable through an immediate wage execution which is to be modified in accordance with the obligations of the husband due hereunder.
The court orders that the husband continue to maintain medical and health insurance for the benefit of the minor child to the extent obtainable from and through his employment. Such CT Page 10052 coverage shall continue for so long as the husband has an obligation to pay child support as set forth herein.
The parties shall be responsible for any uninsured/unreimbursed medical and dental expenses of the child in accordance with the following percentages: 80% husband, 20% wife so long as the wife remains unemployed; 50% husband, 50% wife should wife obtain employment. Medical expenses shall include optical, surgical, psychiatric, psychological and reasonable nursing expenses, cost of prescription drugs and dental expenses including orthodontic expenses.
The court orders further that the plaintiff husband pay $1500 of the defendant wife's counsel fees, said payment to be made within nine months of the date of this decree.
David W. Skolnick, Judge